**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TYLER D. HARRIS,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:24-cv-2212-SHM** |
| **SHELBY COUNTY, TENNESSEE, ET AL.,** | ) | |
| **Defendants.** | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE PARTIES, DEEMING PLAINTIFF'S FIRST AMENDED COMPLAINT PROPERLY FILED, DENYING WELLPATH, LLC'S MOTION TO DISMISS AS MOOT, DIRECTING CLERK TO MODIFY THE DOCKET, AND LIFTING STAY**

Before the Court is Defendant Wellpath, LLC's ("Wellpath") Motion to Dismiss (ECF No. 38) and Plaintiff Tyler D. Harris' Motion for Leave to File an Amended Complaint Substituting Wellpath Liquidating Trust for Wellpath, LLC ("Plaintiff's Motion"). (ECF No. 41.) For the following reasons, the Court **GRANTS** Plaintiff's Motion and **DENIES** Wellpath's Motion to Dismiss **AS MOOT**.

## I. Background

In April 2024, Plaintiff Tyler D. Harris filed this action against several individual and institutional Defendants, seeking relief under 42 U.S.C. § 1983 and other statutes. (ECF No. 1.) In November 2024, Wellpath filed a "Notice of Stay" pursuant to

Wellpath's ongoing bankruptcy proceedings. (ECF No. 34.) In January 2025, Plaintiff requested that the stay be extended to the entire case. (ECF No. 36.) The Court granted that request. (ECF No. 37.)

On March 11, 2026, Wellpath filed a Motion to Dismiss based on Wellpath's bankruptcy plan (the "Bankruptcy Plan") confirmed by the United States Bankruptcy Court for the Southern District of Texas. (ECF No. 38.) The Court partially lifted the stay to allow Plaintiff to respond. (ECF No. 40.) On July 31, 2026, Plaintiff responded to Wellpath's Motion to Dismiss and contemporaneously filed a Motion seeking to lift the stay and file an amended complaint substituting a different entity, "Wellpath Liquidating Trust," for Wellpath. (ECF Nos. 41 and 42.) No party has opposed Plaintiff's Motion. Wellpath has not replied to Plaintiff's Response to Wellpath's Motion to Dismiss.

**II. Standard of Review**

Federal Rule of Civil Procedure 15 states that the Court "should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 25, meanwhile, provides that "if an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

**III. Analysis**

Wellpath seeks dismissal of the claims against it based on the Bankruptcy Plan. (ECF No. 38.) Plaintiff does not oppose Wellpath's dismissal from the case and seeks to file an amended complaint substituting Wellpath with a nominal defendant, "Wellpath Liquidating Trust," in accordance with the Bankruptcy Plan. (ECF No. 41.) Plaintiff notes that identical relief was sought and received by a plaintiff against Wellpath in another case in this district. ECF No. 41 at 2-3; see also Kitchen v. Shelby Cnty., Tenn., et al., case no 2:25-cv-02038-TLP-tmp (W.D. Tenn. 2025) (Dckt. No. 20).

In Wellpath's Motion to Dismiss, Wellpath argues that "[p]ursuant to the [Bankruptcy Plan], all Claims and Causes of Action against [Wellpath]…are discharged and hodlers [sic] of such Claims and Causes of Action are permanently enjoined from…continuing any proceeding of any kind, including this proceeding." (ECF No. 38 at 2-3.) Wellpath further represents that "a Liquidating Trust has assumed [Wellpath's] liability for all General Unsecured Claims." (ECF No. 38 at 5.) Wellpath's Motion to Dismiss anticipates Plaintiff's Motion, and no party

has opposed Plaintiff's Motion to substitute Wellpath Liquidating Trust for Wellpath.

In accordance with Rules 15 and 25, the Court **GRANTS** Plaintiff's Motion to substitute.

Wellpath seeks dismissal with prejudice based on the Bankruptcy Plan. (ECF No. 38 at 1.) Plaintiff asks the Court to dismiss Wellpath without prejudice, arguing that Plaintiff should retain the ability to sue Wellpath "as a nominal party to access insurance." (ECF No. 41 at 3.) Wellpath has not replied to Plaintiff's argument. (ECF No. 38.) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Wellpath.

## IV. Conclusion

For good cause shown, the Court **ORDERS** the following:

1. The Court **GRANTS** Plaintiff's Motion (ECF No. 41) and **DEEMS** Plaintiff's First Amended Complaint, ECF No. 41-1, properly filed.
2. The Clerk is **DIRECTED** to substitute "Wellpath Liquidating Trust" as Defendant in the place of Wellpath, LLC.
3. The stay is **LIFTED**.
4. The Court **DENIES AS MOOT** Wellpath's Motion to Dismiss, ECF No. 38.
5. The Court **DIRECTS** all Defendants to answer or otherwise respond to Plaintiff's First Amended Complaint within 14 days of this order, pursuant to Fed. R. Civ. P. 15(a)(3).

So ordered this 28th day of August, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE